IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD KELLEY, | : | |
|       Plaintiff | : | |
| | : | |
| v. | : | 3:CV-05-1700 |
| | : | (CHIEF JUDGE VANASKIE) |
| DEPARTMENT OF CONSERVATION | : | |
| AND NATURAL RESOURCES, | : | |
| PENNSYLVANIA GAME COMMISSION, | : | |
| | : | |
|       Defendants | : | |

ORDER

October 6, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On August 19, 2005, pro se Plaintiff Edward Kelley, a prisoner currently confined at SCI-Frackville, filed this instant civil rights complaint. The complaint is before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A.

Named as Defendants are the Department of Conservation and Natural Resources and the Pennsylvania Game Commission. Plaintiff alleges that Defendants have failed to fulfill their responsibility of managing the wildlife in Pennsylvania, specifically with respect to the elk and deer population. Plaintiff's claims are based on generalized grievances, and Plaintiff makes no allegation as to whether or how he himself has been injured by these alleged matters. Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted,

pursuant to 28 U.S.C. § 1915A.

When screening a prisoner complaint, a district court must look to 28 U.S.C. § 1915A. Under § 1915A, if the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. See 28 U.S.C. § 1915A.

In determining whether a complaint states a claim for purposes of 28 U.S.C. § 1915A the Court must apply the standards used to address an adversarial motion to dismiss under FED. R. CIV. P. 12(b)(6). Under Rule 12(b)(6) a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "The test for reviewing a 12(b)(6) motion is whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Simon v. Cebrick, 53 F.3d 17, 19 (3d. Cir. 1995). Additionally, a prisoner whose complaint fails to state a cause of action is entitled to amend his complaint unless doing so would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

Although the complaint identifies a long list of grievances, Plaintiff fails to allege that he himself has been subjected to any of the actions underlying the grievances. Nor does Plaintiff allege any injury. Consequently, he fails to establish standing.

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. Standing involves both constitutional and prudential limitations on federal court jurisdiction." Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003) (citation and internal quotation marks omitted). Constitutional limitations pursuant to Article III of the U.S. Constitution include three elements:

> (1) the Plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant and not the result of independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Miller v. Nissan Motor Acceptance Corp., 362 F.3d 209, 221 (3d Cir. 2004). "The party invoking federal jurisdiction bears the burden of establishing these elements." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

The prudential principles are:

> (1) the Plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties; (2) even when the Plaintiff has alleged redressable injury sufficient to meet the requirements of Article III, the federal courts will not adjudicate abstract questions of wide public significance which amount to generalized grievances shared and most appropriately addressed in the representative branches; and (3) the Plaintiff's complaint must fall within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.

Miller, 362 F.3d at 221.

As applied to the present case, Plaintiff's allegations fail to demonstrate injury in fact. "[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.'" Mariana v. Fisher, 338 F.3d 189, 206 (3d Cir. 2003) (quoting Lujan, 504 U.S. at 563). Moreover, the alleged injury must be concrete and particularized, not conjectural or hypothetical. Plaintiff fails to allege that he himself has been injured by the generalized grievances listed in the Complaint, not to mention the lack of allegations regarding causation and redressability. "[A] litigant must clearly and specifically set forth facts sufficient to satisfy [the] Art. III standing requirements. A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." Whitmore v. Arkansas, 495 U.S. 149, 155-56 (1990). Accordingly, Plaintiff has failed to allege facts sufficient to establish standing. Plaintiff fails to state a viable claim arising out of his grievance procedure against the defendants and any attempt to amend this claim would be futile.

Furthermore, the Eleventh Amendment to the United States Constitution precludes suit against the named defendant state agencies. Eleventh Amendment sovereign immunity stands for two propositions: "first, that each State is a sovereign entity in our federal system; and second, that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996)(internal

4

quotations omitted).[1]  Thus, by virtue of the Eleventh Amendment, the Commonwealth of Pennsylvania cannot be sued in federal court under state law.  See 1 Pa. Cons. Stat. Ann. § 2310.  Moreover, "[t]he Eleventh Amendment's bar extends to suits against departments or agencies of the state having no existence apart from the state."  Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981)(citing Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)).

Sovereign immunity may be waived by a state's consent, but the waiver must be "unequivocally expressed."  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984).  The Commonwealth of Pennsylvania has not consented to suit in this matter.  See 42 Pa. Cons. Stat. Ann. § 8521(b)(withholding consent to suit in federal court).  Accordingly, this suit is also subject to dismissal on sovereign immunity grounds.[2]

---

[1]The Eleventh Amendment provides:

> The Judicial Power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  The Eleventh Amendment prohibits suits against a state by its own citizens or citizens of another state.  See Hans v. Louisiana, 134 U.S. 1 (1890).

[2] To the extent that Plaintiff brings this action under 42 U.S.C. § 1983, the Eleventh Amendment bar is fully applicable.  See Quern v. Jordan, 440 U.S. 332, 342 (1979)(holding that 42 U.S.C. § 1983 does not override States' Eleventh Amendment immunity). Regardless of the Eleventh Amendment immunity, any § 1983 claim would be subject to dismissal because only persons can be sued in a § 1983 suit.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989).  Neither the Game Commission nor the Department of Conservation and Natural Resources is a "person" for purposes of a § 1983 claim.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The above-captioned matter is **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted and for seeking relief from defendants immune from suit in this Court.

2. The Clerk of Court is directed to mark this matter **CLOSED**.

3. The various motions filed by Plaintiff are dismissed as moot.

4. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania
